1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   JOSE VASQUEZ, *et al.*,

12          Plaintiffs,                      No. 2:12-cv-2438 GEB AC PS

13      vs.

14   ONEWEST BANK, *et al.*,                 ORDER AND

15          Defendants.                      FINDINGS & RECOMMENDATIONS

16   _____/

17          This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

18   Presently pending before the court are four motions to dismiss and/or motions to strike filed by

19   the defendants.  See ECF Nos. 6-7, 11-12.

20          Local Rule 230(c) provides that opposition to the granting of a motion must be

21   filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o

22   party will be entitled to be heard in opposition to a motion at oral arguments if written opposition

23   to the motion has not been timely filed by that party."  Id.

24          Plaintiffs have now twice failed to file an opposition to defendants' motions.

25   Because of plaintiffs' first failure to file an opposition, the hearing on defendants' motions was

26

1

1  continued to March 6, 2013[1] and plaintiffs were granted until February 20, 2013 to file an

2  opposition.  The February 20, 2013 deadline has passed and plaintiffs have still not filed an

3  opposition.  Accordingly, plaintiffs' failure to oppose should therefore be deemed a waiver of

4  opposition to the granting of the motion.

5  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

6  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

7  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

8  court order the district court must weigh five factors including:  '(1) the public's interest in

9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

11  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

12  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

13  F.3d 52, 53 (9th Cir. 1995).

14  In determining to recommend that this action be dismissed, the court has

15  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

16  support dismissal of this action.  The action has been pending since September 26, 2012 and has

17  yet to proceed beyond the pleading stage because of plaintiffs' failure to respond to defendants'

18  motion, despite two opportunities for plaintiffs to submit oppositions.  Plaintiff's failure to

19  comply with the Local Rules and the court's January 28, 2013 order suggests that they have

20  abandoned this action and that further time spent by the court thereon will consume scarce

21  judicial resources in addressing litigation which plaintiffs demonstrate no intention to pursue.

22  The fifth factor also favors dismissal.  The court has advised plaintiffs of the

23  requirements under the Local Rules and granted ample additional time to oppose the pending

24  motions, all to no avail.  The court finds no suitable alternative to dismissal of this action.

25

26  [1] The hearing on the defendants' motion was continued to March 27, 2013 due to a conflict with the court's schedule. See ECF No. 23.

2

1          Under the circumstances of this case, the third factor, prejudice to defendants

2  from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

3  oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

4  F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

5  continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition

6  of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the

7  reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third

8  factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

9  the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at

10  1263.

11          Accordingly, IT IS HEREBY ORDERED that the hearing on defendants' motion

12  to dismiss, set for March 27, 2013 is vacated; and

13          IT IS HEREBY RECOMMENDED that:

14          1.  Defendants' November 2, 2013 (ECF No. 6), December 6, 2012 (ECF No. 11),

15  and December 18, 2012 (ECF No. 12) motions to dismiss be granted;

16          2.  Defendants' November 1, 2012 and December 6, 2012 motions to strike be

17  denied as moot; and

18          3.  This action be dismissed.

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24  objections shall be filed and served within fourteen days after service of the objections.   The

25  parties are advised that failure to file objections within the specified time may waive the right to

26

1    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2    DATED:   March 1, 2013.

3

4                                                        ALLISON CLAIRE
                                                          UNITED STATES MAGISTRATE JUDGE
5

6

7

8    /mb;vasq2438.46dm

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26